UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-219 ACL |
| | ) |
| J. HUDGENS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $63, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against several officials at the Southeast Correctional Center (SECC) for deliberate indifference to his serious medical needs. On October 5, 2015, he fractured bones in his left foot during a softball game. He was taken to the medical unit for an X-ray. The physician notified him that he had a fracture and ordered that he place no weight on it until it was determined whether he would need a cast. The doctor gave him crutches.

On October 21, 2015, he received a conduct violation for possessing contraband. Defendant J. Hudgens took away his crutches, handcuffed him, and ordered him to walk approximately a quarter mile to Housing Unit One. Plaintiff told him that the doctor ordered him not to place any weight on his foot, but Hudgens insisted that he walk. Defendant M. Bolden joined Hudgens and also forced plaintiff to hop on his foot. As a result, plaintiff fell to the ground.

Plaintiff attempted to hop on his right foot as they traveled. He was unable to, however, and he told defendants that he could not make it. Hudgens told plaintiff that if he could not walk, he could do it the "hard way." At that point, defendants dragged plaintiff about 150 to the "Captain's Shack." At that point, plaintiff was allowed to ride in a vehicle to the Housing Unit.

Hudgens gave plaintiff a conduct violation for refusing to follow his orders. Defendant R. Lincoln read the conduct violation to plaintiff. Defendant C. Cosey found plaintiff guilty

during the classification hearing and ordered plaintiff to spend thirty days in administrative segregation.

While he was being processed for transfer to administrative segregation, and after he was transferred there, he was not allowed to use crutches and was made to walk on his left foot.

Defendant I. Wallace denied plaintiff's grievance. There are no allegations concerning defendant R. Beggs. It appears from plaintiff's exhibits that she may have been involved in the grievance process.

On June 13, 2016, the Deputy Division Director of the Division of Adult Institutions found that plaintiff should not have been given the conduct violation for disobeying an order. The Director noted that the "medical records reflected that [plaintiff was] on medical restriction with a broken foot." He dismissed the conduct violation and expunged it from plaintiff's file.

A year later, plaintiff's foot has not properly healed.

## Discussion

The Court finds that the complaint states a plausible claim of deliberate indifference to his serious medical needs against defendants Hudgens and Boldin. As a result, these defendants will be required to respond to the complaint.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To the extent that plaintiff asserts deliberate

3

indifference claims against defendants Lincoln or Cosey, the claims fail because he has not alleged that they were aware that he would be forced to walk on his foot after his transfer to administrative segregation. As a result, these defendants are dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff's allegations do not show that either Beggs or Wallace were directly responsible for plaintiff's injuries. Therefore, these defendants are dismissed.

Plaintiff's official-capacity claims against defendants are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Consequently, the official-capacity claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $63 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

4

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants J. Hudgens and M. Bolden, both of whom are alleged to be correctional officers at the Southeast Correctional Center.

**IT IS FURTHER ORDERED** defendants R. Lincoln, C. Cosey, R. Beggs, and I. Wallace are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be issued separately.

Dated this 9th day of September, 2016.

                                         _/s/ John A. Ross_
                                         JOHN A. ROSS
                                         UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

5